# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE RUSHING, Inmate #B54865,   ) | |
|                       ) | |
|         Plaintiff,           ) | |
|                       ) | |
| vs.                      ) | |
|                       ) | |
| ILLINOIS DEPARTMENT OF ) | CIVIL NO. 05-858-DRH |
| CORRECTIONS, JASON GARNETT, C/O ) | |
| STOUT, C/O HOLLEN, SGT. FAIRLESS, ) | |
| HEALTHCARE PROFESSIONALS, ) | |
| LTD., NURSE DICKERSON, NURSE ) | |
| BROOKS, MAGGIE BRIAN, and C/O ) | |
| HOUSTON,                  ) | |
|                       ) | |
|         Defendants.         ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.[1]

COUNT 1:    Against Defendants Brooks, Stout, Hollen, Fairless, Dickerson, Healthcare Professionals, Ltd., and Brian for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

COUNT 2:    Against Defendant Garnett for failing to respond to Plaintiff's grievances.

COUNT 3:    Against Defendant Houston for firing Plaintiff from his prison job in retaliation for his and his family's grievances.

FACTUAL ALLEGATIONS

Plaintiff has chronic asthma and relies on daily use of an inhaler to help him breathe. In August 2004, when Plaintiff came into the custody of the Illinois Department of Corrections ("IDOC"), he was housed at Stateville Correctional Center. There, he was given a medical exam and prescribed an albuterol inhaler. In September 2004, Plaintiff was transferred to Lawrence Correctional Center. Plaintiff was not given an intake physical examination. He made several requests to see a physician, but those requests were ignored. Plaintiff ran out of his prescribed inhaler on approximately November 8, 2004.

---

[1]The Court notes that these designations differ from those designated by Plaintiff in his original complaint.

On November 8, 2004, Plaintiff went to the health care unit in an attempt to obtain a new inhaler. Defendant Brooks took the old, empty inhaler and refused to provide him with a new one, despite Plaintiff's protestations that he had been a diagnosed asthmatic for fifteen years and required daily use of the inhaler. Defendant Brooks told Plaintiff he would not be issued an inhaler until he submitted a written request to the physician. He left without an inhaler, and later submitted the written request.

On November 13, 2004, Plaintiff awoke at 5:00 A.M. to a severe asthma attack. He was experiencing shortness of breath, severe chest pains, coughing, choking, and later, vomiting. Plaintiff's cellmate pushed the medical emergency call button. Help did not arrive for approximately 20 to 40 minutes. When Defendant Stout did arrive, Plaintiff's cellmate asked that he immediately dispatch medical help, Defendant Stout replied, "I will call when I'm good and ready." After approximately another 20 to 50 minutes, Defendant Hollen appeared and told Plaintiff and his cellmate that Defendant Fairless had authorized a call to health care personnel. After a few more minutes, Plaintiff fell unconscious. The cellmate's further requests for medical help went unanswered, and, as best the Court can tell, Plaintiff did not receive any medical treatment that day.

Plaintiff wrote a number of grievances regarding the lack of medical treatment on November 13, including two "emergency" grievances to Defendant Garnett that were never answered.

On November 23, 2004, Plaintiff was summoned (presumably as a result of his November 8 request) to the health care unit to see a physician. Defendant Dickerson told Plaintiff he could not see the physician until he signed a form authorizing a $2.00 co-pay to be taken from his inmate trust fund account. Plaintiff protested the co-pay and asked repeatedly for a new inhaler. Defendant Dickerson told him, "if you don't pay to see the doctor, you won't see her no matter what your

claims might be." Plaintiff ultimately signed the form, saw the doctor, and received a new inhaler, two weeks after his first request for one.

Plaintiff states that on November 23, 2004, he received his first job assignment at Lawrence as a unit janitor, but Defendant Houston fired from the job the next day "because his family members had not stopped complaining on his behalf to the warden."

## COUNT 1

Plaintiff alleges that the actions of Defendant Brooks in refusing to issue him in inhaler on November 8; of Defendants Stout, Hollen, and Fairless, for failing to provide him with medical treatment during his severe asthma attack on November 13; and of Defendant Dickerson for failing to allow Plaintiff to see a physician without payment of the $2 co-pay on November 23, constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995,

> 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer*

mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff has clearly stated a claim, based on these legal standards, against Defendants Stout, Hollen, Fairless, and Brooks for deliberate indifference to his serious medical needs. Accordingly, Plaintiff may proceed against them on Count 1.

As for Defendant Dickerson's refusal to allow Plaintiff to see a physician without paying the $2 co-pay, courts have consistently held that a co-payment plan for medical treatment in prison is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). Plaintiff here does not allege that he was denied medical treatment because he was not able to pay the $2. He states that he received medical treatment after he paid the fee. Because Plaintiff has not stated a claim of deliberate indifference against her, Defendant Dickerson is **DISMISSED** as a defendant.

Finally, Plaintiff alleges that Defendant Healthcare Professionals, Ltd. can be held liable for the alleged constitutional violations because, as the supervisor of Lawrence Correctional Center medical personnel, it is responsible for the action of its employees. Plaintiff also alleges that

Defendant Maggie Brian, Health Care Administrator, was responsible for the constitutional violations in her supervisory capacity.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff has not alleged how either Healthcare Professionals, Ltd. or Defendant Brian were personally responsible for violating his constitutional rights. Accordingly, these defendants are **DISMISSED** from the action.

## COUNT 2

Plaintiff states that he filed emergency grievances directly with Defendant Garnett, Lawrence Correctional Center Warden, but that these grievances went unanswered. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

To the extent that Plaintiff is arguing that Defendant Garnett became aware of his condition but did nothing to intervene and ensure Plaintiff received an inhaler, this claim fails. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally

responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).  Accordingly, Count 2 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

### COUNT 3

Plaintiff states Defendant Houston fired him from his prison job because he and his family members had complained about his lack of medical treatment.  Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these legal standards, Count 3 cannot be dismissed from the action at this point in the litigation.

### DISPOSITION

In summary, Plaintiff may proceed against Defendants Brooks, Stout, Hollen, and Fairless on Count 1 and against Defendant Houston on Count 3.  Count 2 and Defendants Healthcare Professionals, Ltd., Dickerson, Garnett, and the Illinois Department of Corrections[2]  are DISMISSED from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

---

[2]The Illinois Department of Correction is immune from suit under the Eleventh Amendment and must be dismissed.  *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Brooks,*
*Stout, Hollen, Fairless, and Houston*.  The Clerk shall forward those forms, USM-285 forms
submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for
service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of
Civil Procedure, to serve process on *Defendants Brooks, Stout, Hollen, Fairless, and Houston* in
the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case
shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For
purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute
time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can
be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the
Marshal with the Defendant's last-known address upon issuance of a court order which states that
the information shall be used only for purposes of effectuating service (or for proof of service,
should a dispute arise) and any documentation of the address shall be retained only by the Marshal.
Address information obtained from IDOC pursuant to this order shall not be maintained in the court
file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for
waivers of service that are returned as undelivered as soon as they are received.  If a waiver of
service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the
request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet
  returned a waiver of service; the Clerk shall then prepare such summons as

requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

      **IT IS SO ORDERED.**

      **DATED:**  October 27, 2006

                         /s/   David RHerndon
                         **DISTRICT JUDGE**